Eurotech Constr. Corp. v Illinois Natl. Ins. Co. (2020 NY Slip Op 06201)





Eurotech Constr. Corp. v Illinois Natl. Ins. Co.


2020 NY Slip Op 06201


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Renwick, J.P., Gesmer, Kern, Singh, JJ. 


Index No. 650510/14 Appeal No. 12221 Case No. 2019-04314 

[*1]Eurotech Construction Corp., Plaintiff-Appellant,
v
Illinois National Insurance Company, Defendant, Structure Tone, Inc., Defendant-Respondent.


FG McCabe & Associates, PLLC, New York (Gerard McCabe of counsel), for appellant.
Barry, McTiernan & Moore, L.L.C., New York (Laurel A. Wedinger of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered July 10, 2019, which granted defendant Structure Tone, Inc.'s motion to dismiss the complaint, and denied as academic plaintiff's motion for summary judgment declaring, on the first cause of action, that it is not obligated to indemnify Structure Tone, unanimously affirmed, with costs.
The motion court providently exercised its broad discretion in dismissing the first cause of action pursuant to CPLR 3211(a)(4) (see Shah v RBC Capital Mkts. LLC, 115 AD3d 444, 444-445 [1st Dept 2014]). Plaintiff's argument that it is not obligated to indemnify Structure Tone rests on its contention that the contractual indemnification agreements between them are unenforceable. However, as the court found, in the underlying personal injury action, a determination had been made that the subject contractual indemnification agreements were enforceable. The court properly dismissed this cause of action to avoid the potential of conflicting rulings in the two simultaneously pending actions. In view of the foregoing, the court correctly denied plaintiff's motion for summary judgment on the first cause of action as academic.
In the second cause of action, plaintiff seeks a declaration that Structure Tone conceded plaintiff's compliance with its contractual obligations through the judicial admissions of Structure Tone's counsel in this action, thereby "obviating" any attempt by Structure Tone to seek further recompense from plaintiff. According plaintiff the benefit of every possible inference from these allegations, the court correctly ruled that the fact that Structure Tone took the position on a prior motion that plaintiff's notice to its excess liability insurer was timely in and of itself neither created a duty on Structure Tone's part to pay the self-insured retention amount nor barred it from seeking to enforce its contractual rights against plaintiff. Plaintiff failed to allege that Structure Tone had any duty either to ensure that plaintiff had excess coverage or to cover contractual liability for its failure to do so. Thus, the second cause of action was correctly dismissed pursuant to CPLR 3211(a)(7). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020